UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60660-CIV-SINGHAL/MATTHEWMAN

BOBBY SMITH JR.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment (DE [24]) and Defendant's Motion for Summary Judgment (DE [28]). Plaintiff, Bobby Smith Jr. ("Plaintiff"), seeks reversal and remand of the Decision of the Administrative Law Judge ("ALJ") denying his claim for Title II Disability Insurance Benefits ("DIB"). The case was referred to United States Magistrate Judge William Matthewman ("Judge Matthewman") pursuant to 28 U.S.C. § 636 for scheduling, disposition of all non-dispositive motions, and report and recommendation on dispositive motions. (DE [12]). Both parties moved for summary judgment, and the instant motions are ripe for adjudication.

Judge Matthewman issued a Report and Recommendation on Motions for Summary Judgment (the "Report & Recommendation") on June 26, 2026. (DE [29]). In the Report & Recommendation, Judge Matthewman recommended Plaintiff's Motion for Summary Judgment (DE [24]) be denied, Defendant's Motion for Summary Judgment (DE [28]) be granted, and the ALJ's decision be affirmed. Plaintiff's Objections to the Report and Recommendation of the U.S. Magistrate Judge ("Plaintiff's Objections") were timely filed on July 8, 2026. (DE [30]).

Under 28 U.S.C. § 636(b)(1), the Court reviews a Magistrate Judge's report and recommendations for clear error if no objections are filed to the report, and it may "accept, reject, or modify" the findings and recommendations. 28 U.S.C. § 636(b)(1). On the other hand, if a party files objections, the district court must determine *de novo* any part of the magistrate judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court has carefully reviewed the Report & Recommendation (DE [29]), the competing motions for summary judgment (DE [24], [28]), Plaintiff's Objections (DE [30]), the record in this case, the applicable law, and is otherwise fully advised. In addition, the Court has conducted a *de novo* review of the Report & Recommendation (DE [29]) in light of Plaintiff's Objections (DE [30]). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *see also Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court finds Judge Matthewman's Report & Recommendation (DE [29]) to be well-reasoned, and the analysis contained therein to be correct.

## I. BACKGROUND

The facts and procedural background of this social security appeal are set forth in Judge Matthewman's Report & Recommendation. (DE [29]). This Court adopts Judge Matthewman's description of the administrative history and the record below as set forth in the Report & Recommendation and incorporates that background by reference herein.

## II. LEGAL STANDARD

Judicial review of the ALJ Decision is limited to whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc.*

*Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Lewis*, 125 F.3d at 1439); *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (stating that substantial evidence is "more than a mere scintilla, but less than a preponderance") (citing *Bloodsworth,* 703 F.2d at 1239). A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted); *Packer v. Comm'r of Soc. Sec.*, 542 Fed. Appx. 890, 891 (11th Cir. 2013) ("[W]e may not reweigh the evidence or substitute our judgment for that of the ALJ.") (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Even if evidence preponderates against the ALJ Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). Critical to the Court's review of the Report & Recommendation (DE [29]) in this case, courts "may not reweigh the evidence or decide facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence . . . ." *Baez v. Comm'r of Soc. Sec.*, 657 Fed. Appx. 864, 868 (11th Cir. 2016) (citing *Dyer*, 395 F.3d at 1210. In contrast, review of the ALJ's application of legal principles is plenary. *See Foote*, 67 F.3d at 1558.

## III. DISCUSSION

Upon conducting a *de novo* review, the Court finds Judge Matthewman's Report & Recommendation (DE [29]) to be well-reasoned and correct, and the Court agrees with the analysis set forth therein. Plaintiff raises one objection to the Report & Recommendation. *See* (DE [30]). Plaintiff insists that, in evaluating the ALJ's analysis of Dr. Thompson's medical opinion, Judge Matthewman incorrectly relied on *Davis v. Commissioner of Social Security*, 2025 WL 1123853 (11th Cir. Apr. 16, 2025). That case held, in relevant part, that an ALJ does not err in using the terms "consistency" and "supportability" interchangeably when determining the appropriate weight given to a particular medical opinion. 2025 WL 1123853, at *5. "What matters is whether the ALJ states with at least some measure of clarity the grounds for his or her decision." *Id.* (quoting *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 n.14 (11th Cir. 2024)). Plaintiff argues that *Davis* is distinguishable, because the ALJ here failed to clearly articulate her consideration of the consistency and supportability factors, regardless of the labels she used. (DE [30] p. 3).

The Court finds Plaintiff's objection unfounded for two reasons. First, the objection is largely a repackaging of Plaintiff's Motion for Summary Judgment. In arguing that *Davis* does not apply, Plaintiff contends that (1) the ALJ's consistency analysis included an irrelevant list of clinical findings, (2) the list of clinical findings used to analyze Dr. Thompson's opinion were identical to those used to evaluate other medical opinions, (3) the ALJ's supportability analysis included only one treatment record from the relevant period, and (4) the ALJ failed to consider Plaintiff's need to be off-task for 10% of the workday. *Id.* But these are precisely the same arguments Plaintiff raised in his Motion for Summary Judgment and which Judge Matthewman addressed in his Report &

Recommendation. *See* (DE [29] p. 9-14). Plaintiff is not entitled to a "second bite at the apple" by simply reformulating the arguments he previously submitted for the Magistrate Judge's consideration. *See Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quotation omitted).

Second, the ALJ *did* articulate her reasons for finding Dr. Thompson's medical opinion unpersuasive. *See* (DE [18] p. 28). She explicitly found that Dr. Thompson's opinion was not supported by the objective medical findings in the record and inconsistent with the evidence from other medical sources. *Id.* The Court agrees that the ALJ's discussion could have more clearly delineated between the "consistency" and "supportability" factors. But "[w]hat matters is whether the ALJ states with at least some measure of clarity the grounds for his or her decision." *Davis*, 2025 WL 1123853, at *5. The Court finds that the ALJ did so here.

The Court's role in reviewing the decision of the ALJ is limited. *Bloodsworth*, 703 F.2d at 1239. The Court should affirm the ALJ Decision where, as here, "the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (internal quotations and citations omitted). Judge Matthewman's Report & Recommendation (DE [29]) discusses in detail the relevant evidence considered in the ALJ Decision, and upon an independent review of the record, the Court agrees with the Report's reasoning, conclusions, and recommendations. Plaintiff's Objection (DE [30]) is, therefore, overruled.

## IV. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Judge Matthewman's Report & Recommendation on Motions for Summary Judgment (DE [29]) is **AFFIRMED** and **ADOPTED**;
2. Plaintiff's Motion for Summary Judgment (DE [24]) is **DENIED**;
3. Defendant's Motion for Summary Judgment (DE [28]) is **GRANTED**;
4. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all deadlines and hearings, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF